IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

CARLOS ARTURO CASTANO-LONDONO *

Petitioner * Civil No. 98-1438(SEC)
* Crim. No. 96-307
v. *
* Section 2255
UNITED STATES OF AMERICA *
*
Respondent *
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## ORDER

Carlos Arturo Castaño-Londoño, a Colombian citizen, was convicted on May 2, 1997, pursuant to his plea of guilty to one count of possession with intent to distribute heroin, in violation of 21 U.S.C. § 846(a)(1). (Crim. Dockets # 21 and # 22). On March 23, 1998, he filed the instant petition under 28 U.S.C. § 2255 for reduction of sentence, on the basis of ineffective assistance of counsel in that his attorney "failed to argue that . . . [petitioner's] ineligibility for minimum security confinement, drug program, and pre-release custody as a result of his status as a deportable alien constituted significant mitigating factors that should have been considered by the sentencing court." (Civil Docket # 2, at 1). Moreover, petitioner asserts "that the disparate sentence that result (sic) between alien and American inmates as a consequence of immigration detainers lodged automatically in an alien's Bureau of Prisons (B.O.P.) file constitute (sic) a violation of equal protection under the law." Id. In his motion, petitioner asks the Court to reduce his sentence by two points. Id.

On August 17, 1998, the United States submitted its motion in opposition to petitioner's Section 2255 motion. (Civil Docket #5). In refuting petitioner's ineffective assistance of counsel claim, the United States relies on the case of United States v. Clase-Espinal 115 F.3d 1054 (1st Cir.

**Civil No. 98-1438(SEC)**                                                                                                               2

1997). The Government argues that Clase-Espinal foreclosed the district court's authority to depart on the grounds of a stipulated deportation. Therefore, counsel's failure to raise the argument can not rise to the level of ineffective assistance of counsel since any such attempt would have been futile. While the Court agrees with the logic of the Government's argument and its interpretation of Clase-Espinal, it does not agree that Clase-Espinal controls this case. The reason for the Court's doubt is the fact that Clase-Espinal was decided after petitioner's sentencing hearing and judgment of conviction.[1] Therefore, the United States is hereby **GRANTED twenty (20) days** to supplement its motion in light of this Order.

**SO ORDERED.**

In San Juan, Puerto Rico, this 21 day of May, 2001.

SALVADOR E. CASELLAS
United States District Judge

---

[1] Clase-Espinal was decided on June 19, 1997. Petitioner's plea hearing took place on January 2, 1997, and he was sentenced on May 2, 1997.