IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

CARLOS ARTURO CASTANO-LONDONO  *
                                *
Petitioner                      *   Civil No. 98-1438(SEC)
                                *   Crim. No. 96-307
v.                              *
                                *   Section 2255
UNITED STATES OF AMERICA        *
                                *
Respondent                      *
***************************************

# ORDER

Pending is Petitioner Carlos Arturo Castano-Londono's motion for reduction of his sentence pursuant to 18 U.S.C. § 2255. For the reasons set forth below, Petitioner's request is **Denied.**

**Background**

Carlos Arturo Castano-Londono, a Colombian citizen, was convicted on May 2, 1997, pursuant to his plea of guilty to one count of possession with intent to distribute heroin, in violation of 21 U.S.C. § 846(a)(1). (Crim. Dockets # 21 and # 22). On March 23, 1998, he filed the instant petition under 28 U.S.C. § 2255 for reduction of sentence, on the basis of ineffective assistance of counsel in that his attorney "failed to argue that . . . [petitioner's] ineligibility for minimum security confinement, drug program, and pre-release custody as a result of his status as a deportable alien constituted significant mitigating factors that should have been considered by the sentencing court." (Civil Docket # 2, at 1). Moreover, petitioner asserts "that the disparate sentence that result (sic) between alien and American inmates as a consequence of immigration detainers lodged automatically in an alien's Bureau of Prisons (B.O.P.) file constitute (sic) a violation of equal protection under the law." Id. In his motion, petitioner asks the Court to reduce his sentence by two points. Id.



**Civil No. 98-1438(SEC)**                                                                                          2

### Applicable Law/Analysis

### Ineffective Assistance of Counsel

The standard for ineffective assistance is very high. "To establish ineffective assistance of counsel, [a convicted defendant] must prove that [his counsel's] deficient performance prejudiced his defense to the point that there is a reasonable probability that the deficiency was outcome determinative." United States v. Michaud, 925 F.2d 37, 41 (1st Cir. 1991)(citations omitted). In the Supreme Court's own words:

> A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

Strickland v. Washington, 466 U.S. 668, 687 (1984).

In the case at bar, Petitioner argues that his status as a deportable alien constituted significant mitigating factors that should have been considered by the sentencing court, and his counsel's failure to ask for a reduction pursuant to U.S.S.G. 5K2.0 was constitutionally inadequate. This precise issue was raised by a similarly situated petitioner in the case of U.S. v. Astacio, 14 F.Supp.2d 816 (E.D.Va. 1988). In rejecting his claim, the court held:

> [t]he failure to raise deportation as a basis for downward departure does not constitute ineffective assistance of counsel. United States v. Prince, 110 F.3d 921, 926 (2d Cir.), cert. denied, 522 U.S. 872, 118 S.Ct. 188, 139 L.Ed.2d 127 (1997) (not ineffective assistance of counsel to fail to raise downward departure for consent to deportation). The availability of this type of downward departure entirely depends

**Civil No. 98-1438(SEC)**                                                                                              3

> upon the prosecutor and ultimately the court, not the defense attorney. In 1995, United States Attorney General Janet Reno issued a memorandum to prosecutors regarding this issue. The memorandum authorized prosecutors to seek one or two level departures for those defendants agreeing to deportation. See United States v. Zapata, 135 F.3d 844 (2d Cir.1998); United States v. Farouil, 124 F.3d 838 (7th Cir.1997). Like a Rule 35(b) motion, whether to seek such a departure lies entirely within the prosecutor's discretion. Like a Rule 35(b) motion, the court retains the ultimate discretionary authority as to whether to grant such a departure. For these reasons, counsel's failure to seek this downward departure did not fall below an objective standard of reasonableness, and thus defendant fails to satisfy the cause prong of Strickland.

Id. at 820.

In addition, Petitioner is unable to show that his defense was prejudiced to the point that there is a reasonable probability that the deficiency was outcome determinative. In fact, Petitioner's plea agreement contains the following provision:

> [t]he defendant reserves the right to request that the Court grant him up to a two level downward departure for judicial deportation under Section 5K2.0 of the Guidelines. The defendant acknowledges the United States' right to oppose said request, since it believes that the defendant is not a deportable alien and, thus, is not entitled to such downward departure.

(Criminal Docket #18, at 4). This language makes it abundantly clear that any request for judicial deportation under Section 5K2.0 would have been opposed by the United States, and ultimately left to this Court's discretion. Thus, Petitioner has not adequately shown that his defense was prejudiced in a constitutional sense.

Finally, as of the date of petitioner's sentencing, the First Circuit Court of Appeals "had not yet addressed the issue of whether a defendant's status as a deportable alien [was] an appropriate matter for consideration when the district court is exercising its sentencing discretion." Gil v. U.S., 4 F.Supp.2d 760, 768 (N.D.Ill. 1998)(quoting United States v. Farouil, 124 F.3d 838, 846 (7th Cir.

**Civil No. 98-1438(SEC)**                                                                                          4

1997).[1] Thus, with the uncertainty of the law, and the United States' opposition to Petitioner's status as a deportable alien, it was reasonable for Petitioner's counsel to focus on other arguments in support of her client's case.[2]

**Conclusion**

In sum, we find no merit to Petitioner's argument that his counsel's performance fell below the constitutional standard set forth in Strickland. Therefore, Petitioner's request for reduction of his sentence is **DENIED**. Judgment will be entered accordingly.

**SO ORDERED.**

In San Juan, Puerto Rico, this 20 TH day of June, 2001.

SALVADOR E. CASELLAS
United States District Judge

---

[1] About one month after Petitioner's sentence was imposed, the First Circuit decided the case of United States v. Clase-Espinal, 115 F.3d 1054 (1st Cir. 1997). In Clase-Espinal, the Court found that downward departures based on deportability were not warranted.

[2] Petitioner's counsel successfully argued for reductions based on: (1) the "safety valve" provision of Section 5C1.2; (2) Petitioner's acceptance of responsibility; (3) Petitioner's role as a minor participant. In addition, the United States agreed to dismiss the other count of the Indictment. Finally, Petitioner represented that he was satisfied with his attorney, and that they had reviewed each and every portion of the plea agreement.

AO 72A
(Rev.8/82)